IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

NICHOLAS J. POLCINO, JR. and
THERESA POLCINO,

    Plaintiffs,

v.  No. 06-2413-B/V

TODD D. MARKLE d/b/a
PEACHTREE BUILDING GROUP,,

    Defendant.

_____

**ORDER GRANTING DEFENDANT'S MOTION AND SUPPLEMENTAL MOTION
TO COMPEL ARBITRATION AND STAY LITIGATION AND
ADMINISTRATIVELY CLOSING CASE**
_____

    Before the Court is the motion and supplemental motion of the Defendant, Todd D. Markle d/b/a Peachtree Building Group ("Markle") to compel arbitration and stay litigation. According to Defendant's motion, the Plaintiffs, Nicholas J. Polcino, Jr. and Teresa Polcino ("Polcino"), filed a complaint against the Defendant arising out of the construction of a residence for the Plaintiffs by Markle as well as the Purchase and Sale Agreement executed by the Plaintiffs and Markle and a Builder's Warranty that was provided to the Plaintiffs, apparently by the Defendant. Attached to the motion is a copy of the Arbitration Agreement executed by the Plaintiffs and the Defendant on March 17, 2005, which included the following provision:

> Any controversy or claim between buyer[s] and sellers arising out of or related to (1) the Home (2) the Purchase and Sale Agreement executed by buyer[s] in connection with the purchase of the Home, (3) the related Limited Warranty Agreement and/or (4) any and all related insurance, extended warranty and/or service agreements (hereinafter collectively referred to as the [A]greements), or any breach thereof, shall be resolved by binding arbitration administered by the American Arbitration Association....

The Plaintiffs do not dispute the assertion that they entered into the Arbitration Agreement as referred to in the Defendant's motion containing the language just cited. Defendant seeks an

order compelling arbitration and a stay of this litigation in order that the parties may undertake arbitration as set forth in the Agreement.

In their response to the motion to compel, the Plaintiffs, through their counsel, indicate that they "do not object to an order enforcing the Arbitration Agreement" and "do not object to an order staying the present civil action." Thus, the parties appear to be in agreement that arbitration is the appropriate means of attempting to resolve this litigation. The Plaintiffs do oppose any assessment of attorney's fees or costs and in a supplemental memorandum filed on June 15, 2007, the Plaintiffs now claim that the Defendant has waived his right to arbitrate because he has actively participated in this lawsuit and taken actions inconsistent with the right to arbitration. Polcino submits that filing motions and requests for discovery obviates the need or the right to seek arbitration. The Defendant disputes that he has somehow waived his right to arbitration by engaging in discovery.

In reviewing the actions of the parties in this case, it appears that what discovery has been undertaken has been minimal. As for the timing of his intent to pursue arbitration, Markle moved to compel arbitration within three months of the filing of the complaint. Furthermore, the parties have submitted a copy of an order from a lawsuit between these same parties in the Chancery Court of Desoto County, Mississippi, wherein on May 25, 2007, Chancellor Percy Lynchard entered an order compelling arbitration as to all relief sought by the Plaintiffs, other than injunctive relief. Although the Plaintiffs claim that the Mississippi litigation does not involve the same issues as the present one, apparently it is not disputed that some of the matters being considered in the Mississippi lawsuit relate to the present case.

Again, considering the minimal extent of discovery in this case and the fact that Markle sought arbitration at an early date following the filing of the case in this court, the Court finds that Defendant has not waived his rights under the Arbitration Agreement. As well, given the fact that Plaintiffs have conceded that arbitration as well as a stay of this litigation would be appropriate, the Court finds that the Defendant's motion is well taken and should be granted.

For the reasons set forth herein, the motion of the Defendant to compel arbitration and stay proceedings is GRANTED. With this ruling, and now that the parties will be engaging in binding arbitration, this Court hereby administratively closes this lawsuit with the right of either party to reinstate it without a filing fee should further actions by this Court need to be taken.

**IT IS SO ORDERED** this 17th day of July, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE